# EXHIBIT 2



COPY

IN THE CIRCUIT COURT FOR HOUSTON COUNTY, TENNESSEE
AT ERIN

| | |
|---|---|
| KEITH A. PRIAL, | |
| Plaintiff, | |
| vs. | JURY DEMAND (12) |
| ENERFAB, INC., | Case No. 2012-CV-16 |
| Defendant. | FILED 7-27 20 12 |
| | 10:36 A M |
| | Sharon K. Tomlinson<br>Circuit Court Clerk |

## COMPLAINT

Comes now the Plaintiff, Keith A. Prial, by and through counsel, and hereby files this civil action against the Defendant, Enerfab, Inc., for common law retaliatory discharge, based upon the following grounds.

### I. PARTIES

1. The Plaintiff, Keith A. Prial (hereafter "Plaintiff"), is a resident and citizen of Erin, Houston County, Tennessee, and was formerly an employee of the Defendant, Enerfab, Inc.

2. The Defendant, Enerfab, Inc. (hereafter "Defendant Enerfab"), is a foreign corporation, licensed to do business in Tennessee, having its principal place of business at 4955 Spring Grove Ave, Cincinnati, OH 45232. Its registered agent for service of process is Corporation Service Company, 2908 Poston Ave, Nashville, TN 37203.

3. The events complained of herein occurred in Houston County, Tennessee. Jurisdiction and Venue are proper.

## II. FACTS

4. Plaintiff was an employee-at-will with Defendant Enerfab from January 30, 2012 through March 6, 2012 as a pipefitter, where his job duties consisted of, among others, fitting, cutting, grinding, welding, and bolting pipe, bending, kneeling, and climbing scaffolds.

5. On February 14, 2012, the Plaintiff sustained an accidental injury, arising out of and in the course and scope of his employment with the Defendant Enerfab at the Tennessee Valley Authority (TVA) in Erin, Tennessee. As a result of his injury, Plaintiff asserted a claim under the Worker's Compensation Law of Tennessee for benefits against the Defendant Enerfab.

6. Plaintiff's Worker's Compensation claim has not been resolved as of the filing of this Complaint.

7. When Plaintiff first notified his safety foreman on February 14, 2012, Josh Patterson of his on-the-job accidental injury, his safety foreman told him to "put some ice on it" and "see how it is in the morning."

8. Josh Patterson, one of plaintiff's supervisors, received notice of plaintiff's injury on or about February 14, 2012, and certainly within 30 days of the date of plaintiff's injury.

9. Plaintiff advised his safety foreman of his continued pain from his on the job injury on numerous occasions, and his safety foreman told him "let's keep an eye on it."

10. Enerfab, Inc., had workers' compensation insurance in effect for it's employees injuries covering the date plaintiff sustained his work injury of February 14, 2012.

11. Defendant Enerfab had the responsibility to report all workers' injuries to its workers' compensation carrier.

2

12. Defendant Enerfab failed to report the injury immediately upon notice to its workers' compensation carrier.

13. Keith Prial requested medical aid for his workers compensation injury on multiple occasions from Josh Patterson in the first 10 days following his injuries, but was never provided with same.

14. Approximately ten days after the on-the-job injury (approximately February 24, 2012) the Plaintiff was called to a meeting with his safety foreman and his job steward, William Agy. During this meeting, the Plaintiff was asked to submit a form with the date of injury listed as the day prior to the meeting (approximately February 23, 2012) and not the actual injury date of February 14, 2012. Plaintiff informed Agy again that the correct date of injury was February 14, 2012, and not February 23, 2012.

15. Agy had the responsibility to report an injury to the workers' compensation carrier within 48 hours or as soon as practicable, yet failed to do so.

16. The Plaintiff refused to put down an incorrect date of injury onset which his employer via William Agy requested him to do.

17. The Plaintiff inquired about worker's compensation benefits, and was told by his employer that Defendant Enerfab was self-insured.

18. Defendant Enerfab is not self-insured, and in fact carries worker's compensation insurance.

19. The Plaintiff was removed from the TVA job site and ordered to sit in the cafeteria at Defendant Enerfab's Erin, Tennessee location because the Plaintiff was "a liability" by Mike "Mule" Bennett, who is a supervisor of plaintiff and works for the defendant.

20. When the Plaintiff took a smoke break with other employees he was ordered back into the cafeteria by a project manager, Mike "Mule" Bennett, who told the Plaintiff "if you're gonna get hurt around here, it's gonna be by me."

21. The Plaintiff, through his personal attorney, found out that the defendant did in fact have workers' compensation insurance, and plaintiff's attorney's office filed a worker's compensation claim against Defendant Enerfab on March 3, 2012 without the help of Defendant Enerfab

22. On March 6, 2012, while sitting in the cafeteria, plaintiff was physically attacked by William Agy, while Mike "Mule" Bennett was observing the beat down of plaintiff.

23. On March 6, 2012, following the beating of the plaintiff, the Defendant Enerfab terminated the Plaintiff's employment, giving the pretentious ground of disorderly conduct.

24. Following plaintiff's beating by William Agy, Mike "Mule" Bennett advised plaintiff that the fact of the beating was "[plaintiff's] word against [Agy's] word."

25. Both William Agy and Mike Bennett were supervisors of the plaintiff at the time plaintiff received his beating from Agy.

26. Both William Agy and Mike "Mule" Bennett are currently employee's and on the payroll of Defendant Enerfab.

27. Prior to the filing of this Complaint, Defendant Enerfab has refused to take any type of disciplinary action of its employees William Agy and Mike "Mule" Bennett.

28. Defendant Enerfab fully endorses the beat down of its employees such as Keith Prial by the plaintiff's supervisors.

4

29. The plaintiff's employment was terminated and advised of such by Defendant Enerfab on approximately March 8, 2012.

30. The plaintiff's termination was motivated substantially, if not wholly, due to the fact that the plaintiff had presented a workers' compensation claim against the Defendant.

31. Prior to his worker's compensation claim, Plaintiff had never received a warning or citation for unsatisfactory performance, and was considered at least a satisfactory employee.

32. Prior to his termination by Enerfab, Keith Prial had not violated any of Defendant Enerfab's policies and procedures regarding employee responsibilities.

33. Defendant Enerfab has the responsibility to its employees that the employees will not be assaulted while in the course of employment by its staff of supervisors.

34. Defendant Enerfab advertises on its web site (www.enerfab.com) that Enerfab "guarantees the safety of ALL employees." Further, Enerfab advertises to its customers and potential employees that "A company is only worth as much as its people. Their safety in the shop and on the job site is paramount to our success. ... We pride ourselves on our safety..." Keith Prial would show that this advertising is false advertising and Enerfab should be held accountable for this fiction.

35. Defendant Enerfab is aware of the harm caused to plaintiff, yet they have taken no action to relieve the plaintiff's harm, and therefore this lawsuit has been filed against them.

36. The fact that Defendant Enerfab is denying responsibility to the harms and losses it caused to the plaintiff is causing plaintiff to incur costs in the pursuit of fairness and justice against Enerfab.

37. To date, Enerfab has not offered plaintiff to return to his employment, and has not offered any prompt or fair settlement to make up for the losses of the plaintiff caused by Enerfab.

38. By beating the plaintiff while on the job while in the Defendant's area of control, the Defendant Enerfab has created an environment of extreme hostility that, as a practical matter, precludes a productive and amicable working relationship.

### III.   CAUSE OF ACTION

39. Plaintiff avers that his termination by Defendant Enerfab was motivated substantially, if not solely, because Keith Prial had asserted a claim for workers' compensation benefits from his employer, Enerfab. Enerfab's agents and supervisors failed to report a workers' compensation claim which they had the responsibility to do. The agents and supervisors of Enerfab did not plan on turning Mr. Prial's workers compensation claim in to the insurance carrier in order to keep its costs down. When Enerfab learned that Keith Prial had reported the claim to their insurance carrier without their input, they then decided to turn in the First Report of Injury to their carrier, and tried to influence Keith Prial to lie about the actual date of injury. Subsequent to Mr. Prial turning in the claim to the carrier, Enerfab agents and supervisors conducted a beat down of the plaintiff which caused him bodily injury, loss of back pay, loss of front pay, and emotional distress. Such action by the Defendant Enerfab was a violation of the public policy of Tennessee as embodied in the Tennessee Worker's Compensation Act, and was retaliation for Plaintiff's assertion of his legal rights in violation of decency and the common law of the State of Tennessee.

6

## IV. DAMAGES

40. At the time of Plaintiff's termination, he was earning approximately $8,599.50 per month, and he was provided by Defendant Enerfab certain benefits, to wit: health insurance and pension.

41. Plaintiff has performed all conditions precedent to the maintenance of this action.

42. Plaintiff has not received a salary from Enerfab, through no fault of his own, since approximately March 6, 2012, and continues to accrue losses of back pay daily while the defendant Enerfab denies his claims.

43. As a result of Plaintiff's retaliatory discharge by the Defendant Enerfab, Plaintiff has lost and will continue to lose salary, opportunities for advancement, and the employee benefits which he would have earned had he been allowed to continue his employment with the defendant. Defendant is liable to the Plaintiff for such loss and damages.

44. Defendant should be ordered to reinstate the Plaintiff at his former position with the Defendant Enerfab, with the salary and any increases which would have been given the Plaintiff or one in similar position of the Plaintiff, together with all employee benefits, and Defendant Enerfab should be ordered to pay as damages the difference in the earnings and the value of the fringe benefits lost by the plaintiff as a result of his wrongful discharge.

45. In the alternative, if the Court finds reinstatement to his former position is not feasible, Plaintiff avers he is entitled to both "back pay" and "front pay" to compensate him for the loss of salary in the past and future and the value of fringe benefits and advancement opportunities in the future.

7

46. Defendant Enerfab should be ordered to pay punitive damages to punish the Defendant Enerfab for its intentional and malicious conduct, and to deter the Defendant Enerfab from harming other citizens of this county for similar conduct by its agents in the future. Furthermore, punitive damages should be awarded against Defendant Enerfab not only failing to censor, reprimand its supervisors for beating its own employees, but also for supporting and therefore endorsing the malicious acts of its agents/supervisors, which is against the public policy of this community.

## RELIEF SOUGHT

WHEREFORE, Plaintiff demands judgment as follows:

(a) Damages for lost wages ("back pay") and the value of all employment benefits which he lost form the date of Defendant Enerfab's retaliatory discharge of him;

(b) That the Court issue an injunction requiring Defendant Enerfab to re-hire Plaintiff at his former position or in an equivalent job with all employment rights and benefits to which he would have been entitled but for his termination or, in the alternative, to award plaintiff front pay and benefits in lieu of reinstatement;

(c) Emotional harms and losses for this wrongful termination;

(d) Punitive damages; and

(e) Such further legal or equitable relief to which he may be entitled.

8

Respectfully submitted,

**GRIFFITH & ROBERTS, P.L.L.C.**

Jonathan L. Griffith, #19405
Jeffery S. Roberts, #20263
Attorneys for the Plaintiff
213 Fifth Avenue North, Suite 300
Nashville, Tennessee 37219
(615) 425-4400

9